```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Robert Pavlakos

    v.                                  Civil No. 17-cv-362-JL
                                          Opinion No. 2018 DNH 163

U.S. Social Security
Administration, Acting
Commissioner


**ORDER ON APPEAL**

Robert Pavlakos has appealed the Social Security Administration's ("SSA") denial of his application for a period of disability and disability insurance benefits. An administrative law judge ("ALJ") at the SSA ruled that, despite several severe impairments, Pavlakos retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled.[1] See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council denied Pavlakos's request for review, with the result that the ALJ's decision became the final decision on his application, see id. § 404.981. Pavlakos then appealed the

---

[1] The ALJ issued a decision in 2013 concluding that Pavlakos was not disabled. On appeal, the district court reversed that decision and remanded it for further consideration. Pavlakos v. Colvin, 2015 DNH 52 (DiClerico, J.). After addressing the issues that the Appeals Council directed him to consider in light of that remand, the ALJ issued a new decision in 2015, again concluding that Pavlakos is not disabled. This court now addresses that 2015 decision.

decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Pavlakos has moved to reverse the decision.  See LR 9.1(b).  The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision.  See LR 9.1(c).  After careful consideration, the court denies Pavlakos's motion and grants the Acting Commissioner's motion.

I. **Applicable legal standard**

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."  Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).  The court therefore

"must uphold a denial of social security . . . benefits unless 'the [Acting Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II. Background[2]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Pavlakos's request for disability and disability insurance benefits. See 20 C.F.R. §§ 404.1520, 416.920. After determining that Pavlakos had not engaged in substantial gainful activity after the alleged onset of his disability on February 15, 2008, the ALJ analyzed the severity of his impairments. At this second step, the ALJ concluded that Pavlakos had the following several impairments: bipolar disorder, posttraumatic stress disorder (PTSD), and degenerative disc disease.[3]

At the third step, the ALJ found that Pavlakos's severe impairments did not meet or "medically equal" the severity of

---

[2] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (doc. no. 11) is incorporated by reference.

[3] Admin. R. at 561.

3

one of the impairments listed in the Social Security regulations.[4] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. In doing so, the ALJ rejected the opinion of impartial medical expert Dr. Richard Cohen, who opined that Pavlakos's mental impairments equaled listing 12.04.

After reviewing the medical evidence of record, medical opinions, and Pavlakos's own statements, the ALJ concluded that Pavlakos retained the RFC to perform light work, see 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could:

> [o]ccasionally climb, balance, stoop, kneel, crouch, and crawl; he would be limited to simple-unskilled work; he could persist at tasks for two-hour periods over an eight-hour day and forty-hour week; and he could sustain brief and superficial social interaction with the general public, co-workers, and supervisors.[5]

Finding that, even limited in this manner, Pavlakos was able to perform jobs that exist in significant numbers in the national economy, see 20 C.F.R. §§ 404.1566 and 416.966, the ALJ concluded his analysis and found that Pavlakos was not disabled within the meaning of the Social Security Act.

III. **Analysis**

Pavlakos challenges the ALJ's decision on three fronts, arguing that the ALJ erred by: (1) rejecting Dr. Cohen's

---

[4] Id. at 562-63.

[5] Admin. R. at 563.

4

opinion that Pavlakos's mental impairments medially equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) concluding that Pavlakos has the RFC to perform full-time work; and (3) relying on an incomplete hypothetical question to the vocational expert in finding that Pavlakos can perform work available in the local and national economy.[6] The court addresses each argument in turn.

**A.   Dr. Cohen's opinion**

The ALJ called Dr. Cohen, a board-certified psychiatrist, to testify as a medical expert at Pavlakos's hearing. Dr. Cohen testified that Pavlakos's bipolar disorder, PTSD, and a previously undiagnosed dependent personality disorder were severe impairments.[7] He concluded that these impairments did not meet or equal the "B criteria" of Listing 12.04 because they only moderately impaired Pavlakos's activities of daily living, social functioning, and ability to concentrate, persist, and keep pace, and because he had no episodes of decompensation for extended duration.[8] Dr. Cohen further opined, however, that

---

[6] Pavlakos includes a section in his memorandum entitled "Mr. Pavlakos continues to be severely impaired by his mental health conditions," but alleges no error by the ALJ in relation to the information from the record provided in that section.

[7] Admin R. at 617-18.

[8] Id. at 618-19. The SSA revised the mental disorder listings, including the "paragraph B" criteria, effective January 17, 2017. Because the ALJ issued the decision in question before

Pavlakos's mental impairments, when combined with chronic pain from his physical impairments, medically equaled Listing 12.04C(2).[9] Specifically, he concluded that "the stress of working would increase his mood swings, . . . nightmares and flashbacks, . . . anxiety, . . . grandiosity, [and] racing thoughts to the point where he's missed more than three days of work a month."[10] The ALJ rejected this conclusion.

The ALJ "is responsible for deciding the ultimate legal question whether a listing is met or equaled." Titles II & XVI: Consideration of Admin. Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council ("SSR 96-6P"), 1996 WL 374180, *3 (S.S.A. July 2, 1996).[11] "In evaluating the opinions of medical sources on issues," such as this one, which are "reserved to the Commissioner, the [ALJ] must apply the applicable factors in 20 CFR 404.1527(d) and

---

that date, the previous requirements for mental disorder listings applied to Pavlakos's claim.

[9] Id. at 619.

[10] Id. at 619-20.

[11] SSR 96-6P has since been rescinded and replaced, but was in effect when the ALJ issued his decision. See Social Security Ruling (SSR) 17-2p: Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process To Make Findings About Medical Equivalence, 82 FR 15263-02 (Mar. 27, 2017).

6

416.927(d)." Titles II & XVI: Med. Source Opinions on Issues Reserved to the Comm'r ("SSR 96-5P"), 1996 WL 374183, *3 (S.S.A. July 2, 1996). Under those regulations, the ALJ uses medical sources "to provide evidence, including opinions, on the nature and severity of [the applicant's] impairment(s)," but retains "the final responsibility for deciding" whether a petitioner's "impairment(s) meets or equals" a listing. 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2). "Although an ALJ is not free to simply ignore medical opinions supporting a claimant's position, [he] remains free to independently evaluate their weight. [He] can accept each piece of evidence completely, partially, or not at all, provided that [he] does so on 'well-supported grounds.'" Dimambro v. U.S. Soc. Sec. Admin., Acting Comm'r, 2018 DNH 4, 10 (Barbadoro, J.)

Here, the ALJ considered Dr. Cohen's opinion that Pavlakos's impairments medically equaled a listing. He then extensively explained why he afforded that opinion less than great weight, supporting his reasoning with citations to the record.[12] Among other reasons, the ALJ noted that Dr. Cohen, who did not treat or examine Pavlakos, concluded without explanation that Pavlakos "equals a listing only when also considering his co-morbid 'pain' from his back condition, an area that falls

---

[12] Admin. R. at 569-71.

7

outside [Dr. Cohen's] expertise" as a psychiatrist.[13] The ALJ further observed that Dr. Cohen did not support his conclusion with any citations to the record evidence or Pavlakos's treatment history which, the ALJ noted, lacked a record of subjective complaints or objective notes about back pain.[14] The ALJ also noted that the record contained ample evidence of Pavlakos's ability to concentrate -- to the point of obtaining high grades in culinary school -- in contrast to Dr. Cohen's unsupported conclusion that said back pain would compromise Pavlakos's ability to concentrate to the extent that his impairments medically equaled a listing.[15]

Pavlakos challenges each of the ALJ's reasons for discounting Dr. Cohen's opinion, arguing, in effect, that Dr. Cohen's expertise and careful review of the record warrant greater weight and that his opinion has support in the record itself.[16] But Pavlakos does not identify any error of fact or law that infects the ALJ's weighing of Dr. Cohen's opinion. Absent any such error, though reasonable minds reviewing the

---

[13] Id. at 569.

[14] Id. at 569-70. See also id. at 567-68 (detailing Pavlakos's history of presenting with no acute distress and with normal results under evaluation).

[15] Id. at 570.

[16] Plaintiff's Mem. (doc. no. 9-1) at 7-13.

evidence may weigh Dr. Cohen's opinion differently, the court upholds the ALJ's findings because the evidence in the record as a whole supports his conclusions. Irlanda Ortiz, 955 F.2d at 769.

Citing the Hearings, Appeals and Litigation Law Manual (HALLEX) § I-2-6-70, Pavlakos also argues that, if the ALJ found Dr. Cohen's reasoning inadequate, he was obligated to ask Dr. Cohen further questions to clarify that reasoning.[17] Pavlakos does not, however, identify any question that the ALJ should have asked or any answer that would have altered the ALJ's weighing of the evidence. If the ALJ "intends to find that the claimant equals the requirements of a listing," he must "[r]equest an opinion from the [medical expert] about whether the claimant had or has an impairment(s) that medically equals the criteria of the listing and the reasons for the opinion." HALLEX § I-2-6-70(D). Here, even though the ALJ did not find that Pavlakos's impairments medically equaled a listing, he did request the reasons for Dr. Cohen's opinion -- and then thoroughly explained the weight he afforded it. Accordingly, he did not err.

---

[17] Plaintiff's Mem. (doc. no. 9-1) at 13.

**B. Pavlakos's RFC**

After considering the evidence, the ALJ concluded that Pavlakos retained the RFC to "perform light work" with a handful of physical and mental limitations.[18] Pavlakos contends that the ALJ erred because the RFC fails to account for his impending absenteeism.[19] Specifically, Pavlakos contends that Dr. Cohen's opinion and certain notations in his treatment history support a conclusion that he would miss work more than three times a month, which exceeds the "customary tolerance for unskilled work," which the Vocational Expert testified "would be no more than one absence per month."[20]

Dr. Cohen opined that Pavlakos would have difficulty getting along with his supervisors and coworkers

> because he's grandiose and he would start to tell the supervisors what to do as he's done in the past and he's lost jobs because of that and then irritability and anger would take over when he had the manic episodes . . . . Even if an unskilled job, it wouldn't . . . last and he'd start to miss work . . . .[21]

---

[18] Admin. R. at 563.

[19] Plaintiff's Mem. (doc. no. 9-1) at 15-17.

[20] Plaintiffs' Mem. (doc. no. 9-1) at 15-17 (quoting Admin. R. at 630-31).

[21] Admin. R. at 623.

Pavlakos contends that the ALJ erred by failing to conclude, based on this opinion, that Pavlakos would be unable to maintain full-time employment.

Though the ALJ did not address this specific element of Dr. Cohen's opinion, as discussed supra, the ALJ extensively explained his reasons for the weight he afforded Dr. Cohen's opinion.[22] In doing so, he specifically cited Pavlakos's ability to attend a culinary school several days a week, where he maintain passing grades.[23]

In crafting Pavlakos's RFC, the ALJ also weighed the record evidence concerning Pavlakos's ability to maintain concentration and to function socially. In addition to Pavlakos's ability to attend school and obtain passing grades, he relied on Pavlakos's ability to hold down a part-time job between 2010 and 2014[24] and his other regular activities, including church attendance, a 3-day school trip to Boston, working as a vacation bible school video coordinator, and cooking at the Salvation Army.[25] Pavlakos, on the other hand, has pointed to no specific record

---

[22] Id. at 569-71.

[23] Id. at 570.

[24] Id. at 569.

[25] Id. at 568, 571.

11

evidence supporting Dr. Cohen's opinion on this subject[26] or requiring a conclusion that the ALJ improperly weighed Dr. Cohen's medical opinion.

### C. Hypothetical question

Finally, Pavlakos contends that the ALJ erred by relying on a hypothetical question to the Vocational Expert that did not reflect Pavlakos's limitations.[27] This argument amounts to a collateral attack on the ALJ's RFC determination. Because the ALJ did not err in crafting Pavlakos's RFC as discussed supra, he also did not err in presenting a question based on that RFC to the Vocational Expert and relying on the Vocational Expert's resulting testimony.

## IV. Conclusion

For these reasons, the Acting Commissioner's motion to affirm[28] is GRANTED and Pavlakos's motion to reverse and remand the Acting Commissioner's decision[29] is DENIED. The Clerk of

---

[26] In passing, Pavlakos cites "Dr. Charron's notes" as supporting his position, but fails to indicate those notes' content or location in the record. See Plaintiff's Mem. (doc. no. 9-1) at 17.

[27] Id. at 17-18.

[28] Document no. 17.

[29] Document no. 9.

12

Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated: August 14, 2018

cc: Ruth Dorothea Heintz, Esq.
Sarah E. Choi, Esq.
T. David Plourde, AUSA